# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ROBINSON, | CV F   05  1397 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1 ) |
| CONTRERAS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Ricardo Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on November 7, 2005. The Complaint names B.J. Contreras, J. Hurt, M. Gellerson, D. Heft, J. Negrete and S. Ghidell as Defendants.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that upon his arrival at Pleasant Valley State Prison his personal property was illegally confiscated.  When Plaintiff brought this to the attention of Defendant Contreras, he was placed in administrative segregation for failing to cooperate with the program.  Plaintiff states that his lack of property denied him access to the Courts.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

2

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this instance, Plaintiff names numerous Defendants but does not link each of them to an act or omission giving rise to a constitutional violation. A statement that "defendants" violated his rights somehow is insufficient to provide the named defendants on notice of what each of them did or did not do that violated Plaintiff's rights.

### 2. Property Deprivation

"An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Because the nature of the deprivation of Plaintiff's property is unclear from the Complaint, Plaintiff will have to amend to indicate the type of deprivation that occurred. Plaintiff is reminded that he must link the named Defendants to the acts thereby depriving him of his property under the Constitution.

### 3. Ad-Seg Placement

Plaintiff alleges that Defendant Contreras falsified information that lead to Plaintiff's placement in administrative segregation.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due

Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum.  In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake.  Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

### *4. Equal Protection*

Plaintiff alleges the manner in which he was being distributed his property was done in a "discriminatory manner."

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that

4

1  defendants acted with intentional discrimination against plaintiff or against a class of inmates
2  which included plaintiff. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal
3  protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208
4  F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal
5  Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>,
6  775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that
7  show that an individual was personally involved in the deprivation of his civil rights." <u>Barren</u> at
8  1194.

9  Although plaintiff alleges Defendants were treating the whites and hispanics differently,
10 he does not allege specific facts demonstrating that any of the named defendants acted with
11 intentional discrimination against him. Thus, he fails to state a claim under the Equal Protection
12 Clause.

13  *5. Access to Courts*

14  Plaintiff alleges that the fact that he did not have his property was a denial of access to
15 courts because he had a habeas corpus case pending.

16  Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>,
17 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the
18 inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil
19 rights actions. <u>Id</u>. at 354. The State is not required to enable the inmate to discover grievances
20 or to litigate effectively once in court. <u>Id</u>.

21  Inmates do not have the right to a law library or legal assistance. <u>Id</u>. at 351. Law libraries
22 and legal assistance programs are only the means of ensuring access to the courts. <u>Id</u>. Because
23 inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate
24 cannot establish relevant actual injury by establishing that his prison's law library or legal
25 assistance program is subpar in some theoretical sense." <u>Id</u>. Rather, an inmate claiming
26 interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id</u>.

27  Here, Plaintiff fails to demonstrate that he suffered injury with regard to the pending
28 habeas corpus case. Further, he fails to link any named Defendant to the act or omission that

deprived him of access to the Courts. Accordingly, he fails to state a cognizable civil rights claim.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

6

      a.    File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

      b.    Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **January 17, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE