MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Robinson, | No. CV 1-05-1397-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| B.L. Contreras, et al., | |
| Defendants. | |

Plaintiff Ricardo Robinson, who is confined in the Pleasant Valley State Prison in Coalinga, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Lawrence J. O'Neill issued an Order (Doc. #10) dismissing the Complaint for failure to state a claim and giving Plaintiff an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed an Amended Complaint (Doc. #14). This case was reassigned to the undersigned judge on November 25, 2008. The Court will order Defendants Gellerson and Herrera to answer Counts Two and Seven of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff

JDDL

has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## II.     Amended Complaint

In his nine-count[1] Amended Complaint, Plaintiff sues Correctional Lieutenants B.L. Contreras, R. Henderson (retired), and C. Herrera; Correctional Counselors II R. Shannon and C. Cano; Correctional Sergeant J. Hurl; Correctional Officer M. Gellerson; Supervising Cook I H. Trumbly, and R. Berkey.

In Count One, Plaintiff alleges that Defendants Hurl and Gellerson violated state law when they confiscated and/or destroyed plaintiff's personal property items, claiming they were contraband.  In Count Two, Plaintiff asserts that Defendant Gellerson engaged in racial discrimination, in violation of Plaintiff's "Civil and Constitutional rights," by limiting the personal property of African-American inmates, but not white inmates.  In Count Three, Plaintiff contends that Defendant Contreras retaliated against Plaintiff by placing Plaintiff in administrative segregation after Plaintiff complained to Defendant Contreras about Defendant Gellerson's allegedly discriminatory limitations on the inmates' personal property.

In Count Four, Plaintiff claims that Defendants Shannon and Hurl (and others) denied Plaintiff his right to exhaust his administrative remedies regarding his placement in administrative segregation and the handling of his personal property.  In Count Five, Plaintiff contends that Defendants Gellerson, Hurl, Contreras, and Shannon denied Plaintiff's right to exhaust his administrative remedies regarding their alleged misconduct. In Count Six, Plaintiff asserts that Defendant Gellerson threatened Plaintiff by informing him that, "if he did not succumb to her adjudication of his personal property that it would be deemed abandoned and disposed of as she [saw] fit."

---

[1] Plaintiff's "ten" causes of action do not include an "eighth cause of action." The Court has used Plaintiff's numbering system and, therefore, there is no Count Eight.

In Count Seven, Plaintiff contends that he has been placed on "light restrictive work duties" because he suffers from a degenerative disc disease that causes sever back spasms. He claims Defendant Herrera disregarded this medical condition and placed Plaintiff on the "workers unlock list" and, when Plaintiff informed Defendant Herrera of Plaintiff's medical restriction, Defendant Herrera ignored Plaintiff. Plaintiff also alleges that he filed a complaint against Defendant Herrera regarding the incident and Defendant Herrera retaliated against Plaintiff. Specifically, Plaintiff claims that Defendants Herrera and Trumbly engaged in a concerted effort regarding a Rule Violation Report—that Defendant Trumbly falsely accused Plaintiff of refusing to work.

In Count Nine, Plaintiff alleges that Defendant Henderson denied Plaintiff his due process rights at a hearing on the Rule Violation Report. Plaintiff states that he was found guilty of the offense. Plaintiff claims he appealed but Defendant Shannon denied Plaintiff's right to exhaust his administrative remedies by refusing to process the appeal and then "screened out the complaint." In Count Ten, Plaintiff alleges that he appeared before a Unit Classification Committee for "confirmation of the adjudication" of the rule violation, that Defendants Cano and Berkey conducted the hearing, that Plaintiff made accusations against Defendants Herrera and Trumbly at the hearing, and that Defendants Cano and Berkey retaliated against Plaintiff for making those allegations by placing Plaintiff "in a non credit earning status which restricted all privileges from [P]laintiff."

In his request for relief, Plaintiff seeks a declaratory judgment, compensatory and punitive damages, a jury trial, and his costs of suit.

**III.  Failure to State a Claim**

    **A.  Failure to Allege a Violation of a Federal Right**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide a cause of action for violations of state law or state

1  constitutional rights. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).  In order to
2  state a claim under § 1983, Plaintiff must allege a cognizable **federal** constitutional claim.
3     In Count One, Plaintiff alleges that Defendants Hurl and Gellerson violated **state**
4  **law** when they confiscated and/or destroyed Plaintiff's personal property items.  This is
5  insufficient and, therefore, the Court will dismiss without prejudice Count One.

6     **B.     Retaliation**

7     Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
8  520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey
9  v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
10 Further, a liberal interpretation of a civil rights complaint may not supply essential
11 elements of the claim that were not initially pled. Id.

12    A viable claim of First Amendment retaliation has five basic elements: (1) an
13 assertion that a state actor took some adverse action against an inmate (2) because of (3)
14 that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of
15 his First Amendment rights (or that the inmate suffered more than minimal harm) and (5)
16 did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d
17 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997)
18 (retaliation claims requires an inmate to show (1) that the prison official acted in
19 retaliation for the exercise of a constitutionally protected right, and (2) that the action
20 "advanced no legitimate penological interest").

21    In Count Three, Plaintiff contends that Defendant Contreras retaliated against
22 Plaintiff by placing Plaintiff in administrative segregation. In Count Seven, Plaintiff
23 alleges that Defendant Herrera retaliated against Plaintiff by getting Defendant Trumbly
24 to make false allegations against Plaintiff in a Rule Violation Report.  In Count Ten,
25 Defendants Cano and Berkey retaliated against Plaintiff for making allegations against
26 their coworkers by placing Plaintiff "in a non credit earning status."  Plaintiff's retaliation
27 claims fail because he does not allege that these Defendants' actions chilled his exercise
28 of his First Amendment rights or that caused him to suffer more than minimal harm.  Nor

1  does he allege that their actions did not advance a legitimate penological interest.  Thus,
2  the Court will dismiss without prejudice Counts Three and Ten, and the allegation of
3  retaliation in Count Seven.

### C.  Failure to Follow Grievance Procedures

In Counts Four, Five, and Nine, Plaintiff contends that Defendants Gellerson, Hurl, Contreras, and Shannon denied Plaintiff's right to exhaust his administrative remedies.

Although prisoners have a First Amendment right to petition the government for a redress of grievances and have a First Amendment right to file prison grievances, Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005),  "[t]here is no legitimate claim of entitlement to a grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The failure to follow grievance procedures does not give rise to a § 1983 claim. See Flournoy v. Fairman, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures does not deprive inmates of constitutional rights).

"The right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials.  Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy."  Baltoski v. Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003).  See also Ashann-Ra v. Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (an institution's failure to comply with state's grievance procedures is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

Thus, the Court will dismiss without prejudice Counts Four and Five and the portion of Count Nine asserting that Defendant Shannon denied Plaintiff's right to exhaust his administrative remedies.

### D.  Threats

Allegations of threats fails to state a constitutional claim.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (defendants' threats of bodily harm to convince plaintiff not

1  to pursue legal redress were insufficient to state a claim under § 1983; "it trivializes the
2  eighth amendment to believe a threat constitutes a constitutional wrong").  Thus, the
3  Court will dismiss without prejudice Count Six.

### E. Conspiracy

In Count Seven, Plaintiff appears to make an allegation of conspiracy against Defendants Herrera and Trumbly.  Plaintiff's allegations of conspiracy are too conclusory to state a claim.  Plaintiff has presented only conclusory allegations of a conspiracy and no specific facts to support his claim that Defendants entered into a conspiracy.  This is insufficient.  See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (plaintiff must show an agreement or "meeting of the minds" to violation constitutional rights in order to state a conspiracy claim under § 1983); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").  Therefore, the Court will dismiss Plaintiff's claim of conspiracy in Count Seven.

### F. Due Process

In Count Nine, Plaintiff alleges that Defendant Henderson denied Plaintiff his due process rights at a hearing on the Rule Violation Report.  Plaintiff states that he was found guilty of the offense.

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard.  Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation

1  to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)
2  (internal citations omitted).  Therefore, to determine whether an inmate is entitled to the
3  procedural protections afforded by the Due Process Clause, the Court must look to the
4  particular restrictions imposed and ask whether they "'present the type of atypical,
5  significant deprivation in which a state might conceivably create a liberty interest.'"
6  Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).
7  To determine whether the sanctions are atypical and a significant hardship, courts look to
8  prisoner's conditions of confinement, the duration of the sanction, and whether the
9  sanction will affect the duration of the prisoner's sentence.  See Keenan v. Hall, 83 F.3d
10 1083, 1089 (9th Cir. 1996), amended on denial of rehearing, 135 F.3d 1318 (9th Cir.
11 1998).  "Atypicality" requires not merely an empirical comparison, but turns on the
12 importance of the right taken away from the prisoner.  See Carlo v. City of Chino, 105
13 F.3d 493, 499 (9th Cir. 1997).

14      It is not entirely clear what disciplinary sanctions Plaintiff received and, therefore,
15 the Court cannot determine whether the sanctions were atypical or imposed a significant
16 hardship.  Although Plaintiff does state that he was placed "in a non credit earning status
17 which restricted all privileges from [P]laintiff," Prisoners have no liberty interest in
18 earning work time credits.  Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.
19 1986).  In addition, if a judgment for Plaintiff regarding the denial of due process in a
20 prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation
21 of time credits, the claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless
22 Plaintiff can show that the disciplinary conviction has been previously invalidated.  See
23 Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck, 512 U.S. at 486-87; Nonnette v.
24 Small, 316 F.3d 872, 875 (9th Cir. 2002).  See also Wilkinson v. Dotson, 544 U.S. 74, 81-
25 82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no
26 matter the relief sought (damages or equitable relief), no matter the target of the
27 prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if*
28 success in that action would necessarily demonstrate the invalidity of confinement or its

duration."). Thus, Plaintiff has failed to state a claim in Count Nine, and the Court will dismiss it.

**IV.   Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Count Two against Defendant Gellerson and a claim in Count Seven against Defendant Herrera based on Defendant Herrera's disregard of Plaintiff's medical work restrictions. The Court will require Defendants Gellerson and Herrera to answer Counts Two and Seven.

**V.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Counts One, Three, Four, Five, Six, Nine, and Ten, and Defendants Contreras, Henderson, Shannon, Cano, Hurl, Trumbly, and Berkey are **dismissed** without prejudice. The allegations of retaliation and conspiracy in Count Seven are also **dismissed**.

1    (2) Defendant Gellerson must answer Count Two. Defendant Herrera must
2 answer the portion of Count Seven that is based on Defendant Herrera's disregard of
3 Plaintiff's medical work restriction.

4    (3) The Clerk of Court must send Plaintiff a service packet including the
5 Amended Complaint (Doc. #14), this Order, a Notice of Submission of Documents form,
6 an instruction sheet, and copies of summons and USM-285 forms for Defendants
7 Gellerson and Herrera.

8    (4) Within **20 days** of the date of filing of this Order, Plaintiff must complete
9 and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must
10 submit with the Notice of Submission of Documents: a copy of the Amended Complaint,
11 a copy of this Order, a completed summons for each Defendant, and a completed USM-
12 285 for each Defendant.

13   (5) Plaintiff must not attempt service on Defendants and must not request
14 waiver of service. Once the Clerk of Court has received the Notice of Submission of
15 Documents and the required documents, the Court will direct the United States Marshal to
16 seek waiver of service from each Defendant or serve each Defendant.

17   (6) **If Plaintiff fails to return the Notice of Submission of Documents and**
18 **the required documents within 20 days of the date of filing of this Order, the Clerk**
19 **of Court must, without further notice, enter a judgment of dismissal of this action**
20 **without prejudice.**

21    DATED this 12th day of January, 2009.

_____
Mary H. Murgula
United States District Judge