\DR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Robinson, | No. CV 1-05-1397-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| B.L. Contreras, et al., | |
| Defendants. | |

In a January 14, 2009 Order (Doc. #17), the Court gave Plaintiff 20 days to complete and return to the Clerk of Court a Notice of Submission of Documents and submit with the Notice a copy of the Amended Complaint, a copy of the Court's January 14, 2009 Order, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

On January 26, 2008, Plaintiff filed a Letter (Doc. #18) addressed to the undersigned judge. In his Letter, Plaintiff notes that he is on lockdown status and states that he "must have access to the law library and a[] reasonable amount of time to prepare a[] response. Therefore, I respectfully requires that an order be sent directly to Warden James A. Yates, informing him to allow [Plaintiff] access to it[]s institution[']s library."

On January 29, 2009, Plaintiff returned the required papers (Doc. #19).

**I.  Letter**

First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any

**TERMPSREF**

request for action by the Court must be in the form of a motion that is in the format required by the Local Rules of the United States District Court for the Eastern District of California. Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff.

Second, to the extent Plaintiff seeks access to the prison library to complete the service packet, the Court will deny that request as moot.

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Letter (Doc. #18) is **denied as moot**.

(2) The Clerk of Court must send to the United States Marshal:

    (a) a copy of the Amended Complaint for each Defendant to be served,

    (b) a copy of the Court's January 14, 2009 Order for each Defendant to be served,

    (c) a completed and issued summons for each Defendant to be served,

    (d) a completed USM-285 for each Defendant to be served, and

    (e) a copy of this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(4) The United States Marshal must retain the Summonses, USM-285 forms, a copy of the Amended Complaint, a copy of the Court's January 14, 2009 Order, and a copy of this Order for future use.

(5) Within 10 days of the date this Order is filed, the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order and the Court's January 14, 2009 Order.

1   (6) The United States Marshal must immediately file requests for waivers that were
2   returned as undeliverable and waivers of service of the summons.

3   (7) If a waiver of service of summons is not returned by a Defendant within 60
4   days from the date the request for waiver was sent by the United States Marshal, the Marshal
5   must:

6      (a) personally serve copies of the Summons, the Amended Complaint, the
7      Court's January 14, 2009 Order, and this Order upon Defendant pursuant to Rule
8      4(e)(2) of the Federal Rules of Civil Procedure, and shall command all necessary
9      assistance from the California Department of Corrections and Rehabilitation (CDCR)
10     to execute this Order. The United States Marshal must maintain the confidentiality
11     of all information provided by the CDCR pursuant to this Order.

12     (b) within 10 days after personal service is effected, file the return of service
13     for Defendant, along with evidence of the attempt to secure a waiver of service of the
14     summons and of the costs subsequently incurred in effecting service upon Defendant.
15     The costs of service must be enumerated on the return of service form (USM-285) and
16     must include the costs incurred by the Marshal for photocopying additional copies of
17     the Summons, Amended Complaint, the January 14, 2009 Order, or this Order and for
18     preparing new process receipt and return forms (USM-285), if required. Costs of
19     service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2)
20     of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

21  (8) **A Defendant who agrees to waive service of the Summons and Amended**
22  **Complaint must return the signed waiver forms to the United States Marshal, not the**
23  **Plaintiff.**

24  (9) Defendants must answer the Amended Complaint or otherwise respond by
25  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
26  the Federal Rules of Civil Procedure.

27  . . . .
28  . . . .

1  (10) Any answer or response must state the specific Defendant by name on whose
2 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
3 does not identify the specific Defendant by name on whose behalf it is filed.

4  DATED this 12th day of February, 2009.

Mary H. Murguia
United States District Judge