**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ricardo H. Robinson, | ) | No. CV 1-05-1397-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| B.L. Contreras, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Ex Parte Motion for the Appointment of Counsel (Doc. # 24). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

The Court finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff is in no different a position than other *pro se* litigations who have brought nearly identical claims. Accordingly,

**IT IS ORDERED** denying without prejudice Plaintiff's Ex Parte Motion for Appointment of Counsel. (Doc. # 24)

DATED this 20th day of April, 2009.

Mary H. Murguia
United States District Judge