**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricardo Robinson,<br><br>    Plaintiff,<br><br>vs.<br><br>B.L. Contreras, et. al.,<br><br>    Defendant. | No. 1:05-CV-01397<br><br>**ORDER** |

    Plaintiff Ricardo Robinson, who is confined in the Pleasant Valley State Prison in Coalinga, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants Gellerson's and Herrera's Motion to Dismiss. (Doc. 27). After reviewing the record, as well as the applicable law, the Court now enters its ruling.

**I. BACKGROUND**

    Plaintiff arrived at Pleasant Valley State Prison (PVSP) from Deuel Vocational Institute on March 11, 2005. (Doc. 27 at 2) Plaintiff, an African American, claims that during processing, Defendant Gellerson allowed him to keep only two items of personal property, while White and Hispanic prisoners were allowed to keep more than two items. Id. Plaintiff alleges that when he objected to this practice, Defendant Gellerson ignored him and walked away. Id.

1  In April 2005, Plaintiff was removed from the worker unlock list due to a degenerative disc condition that resulted in severe back spasms. (Doc. 14 at 7) Plaintiff claims that Defendant Herrera disregarded his medical condition and placed him back on the worker's unlock list. Id. Plaintiff then filed a complaint against Herrera, accusing Herrera of placing his health at risk. Id. Herrera responded by filing a rules violation report against Plaintiff for refusal to work. (Doc. 27 at 2) During a subsequent disciplinary hearing, correctional staff found Plaintiff guilty of refusing to work. Id.

Plaintiff filed a complaint in this Court on November 7, 2005, alleging that Defendant Gellerson discriminated against him by limiting the amount of personal property he and other African-American inmates could keep while in prison. In an Amended Complaint filed April 18, 2007, Plaintiff claimed that Defendant Herrera disregarded his medical restriction by placing him on the worker's unlock list. (Doc. 1 at 4-7) On April 24, 2009, Defendants Gellerson and Herrera moved to dismiss this case, claiming that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

**II. LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be

1  used in resolving the factual dispute.  <u>Ritza v. Int'l Longshoremen's & Warehousemen's
2  Union</u>, 837 F. 2d 365, 369 (9th Cir. 1988) (quotations omitted).

3  **III.  EXHAUSTION PROCESS**

4  Inmates must exhaust the grievance procedures established by the prison in which the
5  inmate is housed.  <u>Jones</u>, 549 U.S. at 218.  Under California law, inmates may appeal "any
6  departmental decision, action, condition, or policy which they can demonstrate as having
7  adverse effect upon their welfare."  CAL. CODE REGS. tit. 15, § 3084.1(a).  The California
8  Department of Corrections ("CDC") grievance process is comprised of a four-tiered
9  hierarchy.  <u>See</u>   CAL. CODE REGS. tit. 15, § 3084.5.  An inmate must first attempt to
10 informally resolve the problem with the "staff involved in the action or decision being
11 appealed."  CAL. CODE REGS. tit. 15, § 3084.5(b).  If that attempt is unsuccessful, the inmate
12 must submit a formal appeal on an approved form to the correctional institution's appeals
13 coordinator, <u>id.</u>, and if unsuccessful there, submit another formal appeal for a second level
14 of review conducted by the warden or his or her designee.  <u>See</u> CAL. CODE REGS. tit. 15, §§
15 3084.5(c) & 3084.5(e)(1).  If the warden denies the appeal, the inmate must then submit a
16 formal appeal to the director of the CDC.  <u>See</u> CAL. CODE REGS. tit. 15, § 3084.5(e)(2).  The
17 director's decision "shall be final and exhausts all administrative remedies available in the
18 Department [of Corrections]."  CALIFORNIA DEPARTMENT OF CORRECTIONS OPERATIONS
19 MANUAL § 54100.11.

20 **III.  DISCUSSION**

21 Defendants argue that Plaintiff's claims against them should be dismissed because
22 Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. 27 at
23 1)  To support their position, Defendants provide two declarations by CDC appeals
24 personnel. (Doc. 27, Declaration of N. Grannis, Declaration of G. Duran)   In opposition,
25 Plaintiff maintains that the PVSP appeals office failed to provide him with timely responses
26 to his appeals and that he therefore "exhausted all available administrative remedies that
27 [were] afforded to him by PVSP officials."

28

1   An action must be dismissed unless the prisoner exhausted all available administrative
2   remedies before he filed suit, even if the prisoner fully exhausts his remedies while the suit
3   is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). In his claims against
4   Gellerson and Herrera, the record indicates that Plaintiff had not yet filed second formal
5   appeals with the PVSP Appeals Office when he filed his complaint.

6   In regards to his racial discrimination complaint against Defendant Gellerson, Plaintiff
7   filed his informal complaint on the appropriate form on July 8, 2005. (Doc. 27, Exh. A)
8   Staff responded to this complaint, using the same form, on July 12, 2005. (Id.)  Plaintiff
9   then filed his first formal appeal, which was assigned log number PVSP-05-02403, sometime
10  between July 14 and July 19, 2005.  (Id., Declaration of G. Duran at 2, Exh. A; Doc. 14 at
11  5) This appeal was denied on October 1, 2005[1]. (Id., Exh. A)

12   Plaintiff argues that he never received the first-level appeal response regarding his appeal
13  against Gellerman. Defendants counter that, even if this is true, Plaintiff proceeded to file
14  suit before allowing the PVSP appeals office an opportunity to send him a first-level appeal
15  response to his correct cell location.

16   Following the denial of Plaintiff's first formal appeal, the next available administrative
17  remedy was the second formal appeal to the warden. Instead of waiting for the outcome of
18  his first formal appeal, however, on July 18, 2005, Plaintiff contacted the Inmate Appeals
19  Branch (IAB) to request a Director's level review. (Id., Declaration of N. Grannis at 7; Doc.
20  31 at 2-3, Exh. B) On September 15, 2005, the IAB informed Plaintiff that he should first
21  appeal to the PVSP Appeals Office for the second level of formal review. (Doc. 31, Exh. B)
22  Instead of filing a second formal appeal with the PVSP Appeals Office, Plaintiff filed this
23  action on November 7, 2005. Since Plaintiff did not file an appeal at the second level of the
24  formal review process, he has not exhausted his administrative remedies in regards to his

---

[1]The Court notes that the Appeals Office did not respond to and return Plaintiff's appeal within the time proscribed by the California Code of Regulations. The California Code of Regulations requires that departments respond to appeals at the first formal level within 30 working days. 15 C.C.R. § 3084.6(b)(2) (2010).

- 4 -

1    grievance against Defendant Gellerson and cannot file a claim against Gellerson under 42
2    U.S.C. § 1983 at this time.

3    With respect to his deliberate indifference claim against Defendant Herrera, the record
4    indicates that Plaintiff had not appealed at the second formal level or at the Director's level
5    at the time he filed his complaint in this Court. (Doc. 14)  Plaintiff alleges that he filed his
6    first informal complaint regarding Defendant Herrera on July 12, 2005. (Doc. 14 at 7)  The
7    following day, July 13, 2005, Plaintiff received a Rule Violation Report (RVR) for refusal
8    to work.  (Doc. 14, Exh. I)  On July 23, 2005, Plaintiff was found guilty of refusing to work
9    in a RVR hearing.  (Doc. 14 at 7)  On July 29, 2005 Plaintiff filed his first formal appeal to
10   the PVSP Appeals Office. Id.  The Appeals Office received the appeal on August 2, 2005.
11   (Doc. 27, Declaration of G. Duran)  His first formal appeal was denied on September 9,
12   2005.  (Doc. 27, Exh. B)  Before filing his second formal appeal, Plaintiff appealed to the
13   Director of the CDC on September 29, 2005.  (Id., Declaration of N. Grannis)  While waiting
14   for a response from the Director of the CDC, Plaintiff filed this action on November 7, 2005.
15   (Doc. 1)

16   Plaintiff argues that he never received the second level appeal response regarding his
17   appeal against Herrera.  Defendants counter that, regardless, Plaintiff filed suit before even
18   filing his second level appeal.

19   Following the denial of Plaintiff's first formal appeal, the next available administrative
20   remedy was the second formal appeal to the warden.  Instead of making his second formal
21   appeal to the warden, however, Plaintiff contacted the IAB to request a Director's level
22   review on September 29, 2005.  (Doc. 27, Declaration of N. Grannis)  Before he received a
23   response from the Director's level, Plaintiff filed this action on November 7, 2005.  Since
24   Plaintiff had not filed an appeal at the second level of the formal review process at the time
25   he filed this action, he had not exhausted his administrative remedies in regards to his
26   grievance against Defendant Herrera.

27   While this action was pending, the IAB 'screened out' Plaintiff's Director's level appeal
28   and forwarded it to the PVSP Appeals Coordinator for a second level review on December

- 5 -

21, 2005. (Doc. 14, Exh. J) The second formal appeal was denied on January 4, 2006. (Doc. 14, Exh. M at 2) Plaintiff resubmitted his complaint to the IAB for a Director's level review on February 15, 2006. (Doc. 27, Declaration of N. Grannis at 3) The IAB again screened out Plaintiff's grievance on May 21, 2006. Id. Plaintiff cannot file a claim under 42 U.S.C. § 1983 until he has successfully filed and obtained a judgment on this grievance from the Director of the CDC.

## IV.  CONCLUSION

Plaintiff did not complete a second level formal appeal or a Director's level appeal on either of his claims at the time this action was filed. Accordingly, the Court finds that Plaintiff has not exhausted his administrative remedies with respect to the actions against Defendants Gellerson and Herrera.

Based on the foregoing,

**IT IS ORDERED** granting without prejudice Defendants' Motion to Dismiss. (Doc. 27).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 16th day of April, 2010.

_____
Mary H. Murguia
United States District Judge